# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**ALBERTO FREIRE,**

  **Petitioner,**

**vs.**            **Cause No.  1:10-cv-322 MV/DJS**

**RAY TERRY, Warden, Otero County
Processing Center,**

  **Respondent.**

# MEMORANDUM OPINION and ORDER
# APPOINTING COUNSEL FEDERAL PUBLIC DEFENDER

THIS MATTER is before the Court on Respondent's *Motion to Dismiss without Prejudice* [Doc. 9], filed May 7, 2010.[1]  For the reasons stated below, the Court will:  (1) treat Respondent's Motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure; and (2) request the Federal Public Defender to provide counsel to represent the Petitioner.

## I.  BACKGROUND

Mr. Freire, who is proceeding *pro se* and *in forma pauperis*, filed a *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Docs. 3, 4] on April 6, 2010.  The Petition alleges he is a native and citizen of Ecuador, and that he is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chaparral, New Mexico. [Doc. 3, ¶¶ 1, 6.]

According to the Petition, he has been in ICE custody continuously since May 22, 2009.  [Id., ¶ 6.]  The Petition further alleges that an Immigration Judge ordered Mr. Freire removed on December

---

[1]By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 6], entered April 28, 2010, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.

17, 2009, that he appealed the order to the Board of Immigration Appeals ("BIA"), and that the appeal is currently pending before the BIA.  [Id., ¶¶ 11, 15.]   According to Mr. Freire, he has retained counsel to represent him in the removal proceedings, his request for bond has been denied, and he has (presumably through counsel) requested the BIA appeals process be held in abeyance pending a decision from the United States Supreme Court in a case that may affect the outcome of his appeal. [Id., ¶¶ 16, 18, 27.]

## II.    DISCUSSION

Respondent has moved to dismiss on two grounds: first, that Mr. Freire is not entitled to relief under *Zadvydas v. INS*, 533 U.S. 678, 121 S.Ct. 2491 (2001); second, that his detention is lawful under the mandatory the no-bond provision of 8 U.S.C. § 1226(c).  Mr. Freire has not responded to the motion.

### A.    Relief under *Zadvydas*

Regarding the first argument, Respondent correctly observes that *Zadvydas*, which Mr. Freire cites in support of his claim for habeas relief, addresses detention following a final order of removal. Mr. Freire concedes he does not have a final order of removal.  However, Mr. Freire is proceeding *pro se* and the Court therefore liberally construes his Petition notwithstanding his citation to authority that may not be applicable to his circumstances.  Liberally construed, Mr. Freire's Petition challenges his continued detention, now in excess of one year, pending removal proceedings.  Though Respondent asserts Mr. Freire is "not entitled at this time to the relief he requests," that conclusion is not apparent from the face of the Petition.  Without expressing an opinion on the merits of Mr. Freire's Petition, the Court notes that Respondent's position is at odds with a "growing consensus" that prolonged detention of [criminal aliens] raises serious constitutional concerns."  *Alli v. Decker*, 644 F.Supp.2d 535, 539 (M.D.Pa. 2009) (collecting cases).

2

Furthermore, while it is true that detention during deportation proceedings is a constitutionally valid aspect of the deportation process, the United States Supreme Court has also indicated that such detention is expected to be brief. *See Demore v. Kim*, 538 U.S. 510, 513, 123 S.Ct. 1708, 1712 (2003). The Supreme Court observed in *Demore* that "removal proceedings are completed in an average time of 47 days and a median of 30 days." *Demore*, 538 U.S. at 529, 123 S.Ct. at 1721. When the alien appeals the decision of the Immigration Judge to the Board of Immigration Appeals, the appeal takes an average of four months. *Id.* Based in part on these statistics, the Supreme Court held that a period of detention of six months during the pendency of removal proceedings did not violate the alien's due process rights. Mr. Freire however, has been detained for over a year. The Court therefore declines to dismiss the Petition on the grounds that Mr. Freire is not entitled to relief under *Zadvydas*.

### B.     Detention under 8 U.S.C. § 1226(c)

Respondent's second argument is that Mr. Freire's detention is mandatory and lawful under § 1226(c). As Respondent notes, however, the "Tenth Circuit has not had the occasion to decide whether § 1226 detention could be unconstitutional as applied in the event that the period of detention extends beyond the time periods discussed in *Demore*." [Doc. 9 at 8.]

Procedurally, Respondent's motion invokes Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, Respondent has attached a number of exhibits in support of factual allegations contained in the motion. Although Respondent's factual allegations are generally consistent with those contained in the Petition, the Court may not consider them in the context of a Rule 12(b)(6) motion. The result of presenting matters outside the pleadings on a Rule 12(b)(6) motion is that the matters must be excluded, or the motion must be treated as one for summary judgment under Rule 56. Fed.R.Civ.P. 12(d). If the motion is "converted," then "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id.

**Accordingly, the Court hereby gives notice that it will treat Respondent's Motion to Dismiss without Prejudice as a motion for summary judgment under Rule 56. Petitioner shall have until August 27, 2010 to respond and to present material pertinent to the motion. Respondent shall file a reply within 14 days from service of the response.**

## III.    APPOINTMENT OF COUNSEL

Mr. Freire has been granted leave to proceed *in forma pauperis*.  [Doc. 4.]  Under 18 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." Furthermore, the Court has authority to appoint counsel for any financially eligible person seeking relief under section 2241 if the interests of justice so require.  18 U.S.C. § 3006A(a)(2)(B).

Mr. Freire has not requested appointment of counsel.  However, the factors the Court would consider when evaluating such a request favor the appointment of counsel in this case.  These factors include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).

First, regarding the merits, the Court noted above the growing consensus in the federal courts that prolonged detention pending removal proceedings raises serious constitutional concerns. Furthermore, although *Demore* held that six months' detention did not violate the alien detainee's Fifth Amendment due process rights, the alien conceded he was deportable.  *Demore*, 538 U.S. at 531.  Mr. Freire, by contrast, has been held more than a year and opposes deportation.  The Court thus cannot conclude at this time that his Petition is without merit.

Second, the nature of the factual allegations support the appointment of counsel.  Respondent asserts that the year-long detention is reasonable under the circumstances of this case.  According to Respondent, the length of Mr. Freire's detention, which is admittedly twice the reported average, is

nevertheless constitutional because it is not the result of delay by immigration authorities, but of his own making.  The Court concludes that Mr. Freire should be aided by counsel in responding to these allegations.

Third, Mr. Freire's ability to present his claims is hampered because he is detained.  Although he reportedly is represented by counsel in connection with the removal proceedings, that attorney does not represent him in this habeas action.  Furthermore, the need for assistance of counsel is greater in this case now that the Court has converted Respondent's motion into one for summary judgment.  In opposing summary judgment, Mr. Freire may be required to respond with evidentiary materials that he likely will have difficulty compiling on his own while detained.

Finally, the issues raised by the Petition and Respondent's motion are sufficiently complex and novel that assistance of counsel is necessary to ensure they are fairly presented.  As Respondent's motion and the Court's own research indicate, the question whether mandatory detention under section 1226(c) is subject to a time limit has not been addressed by the Tenth Circuit, and there appears to be an absence of uniform treatment among the courts that have addressed the issue. *Jah v. Attorney General*, 258 F.App'x 394 (3d Cir. 2007) (unpublished) (affirming denial of habeas relief pending deportation proceedings); *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005) (avoiding constitutional issue, but remanding with directions to grant writ unless Government provided bail hearing within 60 days); *Gonzalez v. O'Connell*, 355 F.3d 1010, 1021 (7th Cir. 2004) (reversing grant of habeas where intervening case law rendered alien deportable, but noting that "wholly" different case arises when alien has good faith challenge to deportability); *Ly v. Hansen*, 351 F.3d 263 (3d Cir. 2003) (affirming grant of habeas corpus and district court's conclusion that 18 months' detention pending removal proceedings is unreasonable); *Sengkeo v. Horgan*, 670 F.Supp.2d 116 (D. Mass. 2009) (holding that detention of 20 months was unreasonable and ordering Government to conduct bond hearing); *Alli*,

644 F.Supp.2d 535 (holding that criminal alien who makes habeas showing that detention is no longer

reasonable must be afforded bail hearing); *Rodrigues v. Holder*, No. 3:09cv1764, 2010 WL 830929

(M.D.Pa. Mar. 4, 2010) (applying 4-factor test suggested in *Alli* and finding that year-long detention

was not unreasonable under the circumstances).

      Based on consideration of the above factors, the Court determines that the interests of justice

require the appointment of counsel in this case.

## IV.    CONCLUSION

      The Court concludes that Respondent's *Motion to Dismiss without Prejudice* [Doc. 9], filed

May 7, 2010, should be treated as a motion for summary judgment under Rule 58.  The Court further

concludes that Petitioner should have counsel to represent him in this action.  Accordingly, the Court

directs the Clerk of Court to provide a copy of this Order to the Federal Public Defender.

      IT IS SO ORDERED.

**DON J. SVET**
**United States Magistrate Judge**